THE FIRST NATIONAL BANK OF CHERRYVALE v. THE
MONTGOMERY COUNTY NATIONAL BANK.

No. 12,460.    (67 Pac. 458.)

SYLLABUS BY THE COURT.

STOCKHOLDER'S LIABILITY—*Bank as Stockholder—Ultra Vires—*
*Evidence.*  In an action against a national bank upon its double
liability as a stockholder in another corporation, it was alleged in
the petition that it acquired such stock in a particular manner.
The evidence showed that it acquired it in a different manner,
neither of which was *ultra vires.*  *Held,* that there was not a
fatal variance between allegation and proof; the vital fact being,
was the bank a stockholder, not how did it become such.

Error from Montgomery district court; A. H. SKID-
MORE, judge.    Opinion filed January 11, 1902.    Af-
firmed.

*Ergenbright & Banks,* for plaintiff in error.
*Albert L. Wilson,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.:  The defendant in error, a na-
tional bank doing business in the city of Cherryvale,
obtained a judgment against the Cherryvale Coopera-
tive Company, an insolvent corporation.    After an
execution upon this judgment had been returned un-
satisfied, it brought this action against the plaintiff in
error, the First National Bank of Cherryvale, to recover
of it upon its statutory liability as a stockholder in
the Cherryvale Cooperative Company.    In its petition
it set up that the First National Bank was such stock-
holder, and alleged that it took said stock "as collat-
eral security to a loan it had made in the regular
course of business before that time, and being com-
pelled to purchase said stock to protect itself on said

loan.'' Upon the trial, it turned out that the stock in the cooperative company was never held by the First National Bank as collateral security, but that one Pearson, being indebted to the First National Bank, had transferred stock along with other property to the bank in payment of a debt which he owed the bank, and that the bank had thereafter caused the stock held by Pearson to be surrendered, and had obtained a new certificate of stock from the Cherryvale Cooperative Company to be issued to it.

There was some disagreement in the evidence as to whether this transaction was one for speculation or investment on the part of the bank, or whether it was for the purpose of securing payment of a doubtful claim. If the former, then the bank was not a stockholder so as to be charged with double liability, because such transaction would be *ultra vires;* if the latter, then the bank would be the owner of the stock and be chargeable upon its double liability as such stockholder. The question as to the character of the holding of the stock was submitted, under proper instructions of the court, to the jury, and by the jury, through its general verdict, found in favor of the plaintiff below, so that it must now be taken that the First National Bank had become the owner of the stock through an effort to obtain payment upon a doubtful claim. Upon this verdict judgment was rendered against the plaintiff in error upon its double liability as a stockholder.

The contention of the plaintiff in error, however, is that as the plaintiff below had in its petition stated that the defendant became a stockholder by taking this stock as collateral security to a loan it had made, and had been compelled to purchase the stock to protect itself on such loan, it was shut up to proof of the

acquisition of the stock in this identical manner, and that because the evidence showed that the stock was obtained in a manner different from that alleged, there was a fatal variance between *allegata* and *probata*. It does not contend, indeed could not, that if it had taken the stock from Pearson for the purpose of securing payment of a doubtful claim, such a manner of acquisition would not have been legitimate, or that in such event it would not have been properly chargeable with a stockholder's liability. We do not think that the variance suggested is one fatal to recovery. The essential thing in the petition was the allegation that the First National Bank was the owner ; by what means it became the owner was largely a matter of evidence, and not an essential part of the pleadings.

The plaintiff in error sought to show that it was not the owner by showing that the transaction through which it acquired the stock was *ultra vires;* therefore that it was not legally the owner. The question of ownership was the vital one. That it became the owner in one way rather than in another does not go to the merits of the action. It may be that an objection to the introduction of evidence showing the method of becoming the owner different from that charged in the petition should have been sustained; but this evidence all having gone to the jury, the variance might properly be disregarded under the liberal terms and provisions of the statute.

Section 133 of the code (Gen. Stat. 1901, § 4567) provides :

"No variance between the allegations in a pleading, and the proof, is to be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the

court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as may be just.''

Plaintiff in error made no suggestion whatever that it had been misled by the variance between the allegation and proof in this case.   On the contrary, at the close of the evidence of the plaintiff below, it filed a demurrer to that evidence, by which it raised the question as to the sufficiency of the evidence to charge it at all, but did not raise the question of variance between the allegation and proof.   It was satisfied to proceed upon the theory that no right of action had been proved against it.   It attempted to show by the cross-examination of the plaintiff's witness, who was its own cashier, that the transaction with Pearson was one of speculation or investment, hence *ultra vires*, and not one it might engage in so as to vest ownership of the stock in it.   We think the vital question at issue was whether plaintiff in error was the owner of the stock in question, not by what method it became the owner of such stock.   This question was submitted to the jury under proper instructions, and by the jury found against the plaintiff in error.

We find no error in the record, and hence must affirm the judgment of the court below.

ELLIS, POLLOCK, JJ., concurring.